# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **NGUYEN TRAM BUI,** | } |
| Petitioner, | } |
| v. | } Case No.: 7:17-cv-1498-RDP-JHE |
| **WARDEN BRADLY, et al.,** | } |
| Respondents. | } |

## MEMORANDUM OPINION

This case is before the court on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Petitioner, who is confined at the federal prison in Aliceville, Alabama, asserts that the unconstitutional placement of an immigration detainer against her violates her protected liberty interests and entitles her to relief under § 2241. (*Id.* at 1). After careful review of Petitioner's petition, the court concludes that it lacks subject matter jurisdiction to entertain this petition.

**I.    Background and Claims in the Habeas Petition**

In her habeas petition, Petitioner states that she pled guilty to conspiracy to manufacture and distribute marijuana.[1] (*Id.* at 1-2). Immigration and Customs Enforcement ("ICE") issued a detainer against her. (*See id.* at 2). According to Petitioner, the detainer has prevented her from participating in certain programs administered by the Bureau of Prisons ("BOP"). (*Id.* at 3).

Petitioner claims that the detainer must be removed because the United States does not have a "prisoner exchange treaty" with Vietnam. (*Id.* at 1). Moreover, she claims that the

---

[1] Petitioner has not specified which federal district she was convicted in. The petition states, though, that she is incarcerated at FCI Aliceville. (Doc. # 1 at 1). The Bureau of Prison's inmate locator also states that Petitioner is incarcerated at FCI Aliceville.

detainer violates the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 2). Finally, she asserts that she cannot participate in programs administered by the Bureau of Prisons due to the detainer, such as the program authorized by 18 U.S.C. § 3621(e)(2)(B). (*Id.* at 3).

## II.     Analysis

As an initial matter, the court must determine whether it possesses subject matter jurisdiction over this petition. The court is not required to direct Respondents to respond to the petition if it is facially apparent that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2243. Indeed, because Petitioner is currently a prisoner and seeks relief from a governmental entity and a government employee, the court must screen his petition and dismiss it if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Under some circumstances, a petitioner may challenge a detainer issued by ICE under § 2241. *Roberts v. INS*, 372 F. App'x 921, 924 (11th Cir. 2010) (citing *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990)). But, the mere filing of a detainer by ICE does not place an individual under ICE's custody for purposes of conferring subject matter jurisdiction under § 2241. *Id.* In *Roberts*, the Eleventh Circuit affirmed the dismissal of a federal prisoner's § 2241 petition challenging an immigration detainer where the petitioner did not allege that she had been taken into ICE's custody or that removal proceedings against her had commenced. *Id. See also Quintanilla v. U.S. Immigration & Customs Enforcement*, 551 F. App'x 497 (11th Cir. 2013) (affirming the dismissal of a federal prisoner's § 2241 petition that challenged an immigration detainer). As in *Roberts* and *Quintanilla*, Petitioner is a federal prisoner challenging the imposition of an immigration detainer. And, Petitioner has not alleged that she is in ICE's custody or that her removal proceedings have commenced. (*See generally* Doc. # 1). Therefore,

2

this court lacks subject matter jurisdiction to review the immigration detainer under § 2241.[2] *See Roberts*, 372 F. App'x at 924.

Petitioner alleges that the detainer has prevented her from participating in programs administered by the BOP. (Doc. # 1 at 3). Her ineligibility for prison programs, though, does not establish this court's jurisdiction to review ICE's immigration detainer against her. The Eleventh Circuit has held that the § 3621(e)(2)(B) transitional program creates no constitutionally protected liberty interest. *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000). Moreover, Petitioner has not contested the eligibility rules for transitional programs. (*See* Doc. # 1 at 3). Rather, she contests the immigration detainer itself because she claims it cannot be enforced due to the lack of a treaty between the United States and Vietnam that would allow for her deportation. (*Id.*). This claim cannot be considered by the court under § 2241 because Petitioner is not in ICE's custody and has not been subjected to removal proceedings.

**III.   Conclusion**

Because a facial review of Petitioner's habeas petition (Doc. # 1) reveals that the court lacks subject matter jurisdiction over the claims in it, this case is due to be dismissed without prejudice for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 11, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner's reliance on *Zadvydas* does not establish this court's subject matter jurisdiction over her § 2241 petition. *Zadvydas* addressed whether the government may indefinitely detain an alien subject to a final order of removal. *See* 533 U.S. at 682. Petitioner has not alleged that she currently is being detained pursuant to a final order of removal. Therefore, *Zadvydas* is inapplicable here.